UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE IRENE ZENDEZAS,

    Movant,

v.

    File No. 1:08-CV-625

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
    _____/

**O P I N I O N**

This matter comes before the Court on Movant Diane Irene Zendezas's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. (Dkt. No. 1.) For the reasons that follow, this motion will be denied.

**I.**

Movant was indicted on October 27, 2005, for: (1) conspiracy to possess, with intent to distribute, more than 500 grams of methamphetamine and 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(vii), and 846 ("Count 1"); and (2) interstate travel in aid of racketeering enterprise in violation of 18 U.S.C. §§ 2 and 1952(a)(3)(A) ("Count 2"). Movant pleaded guilty to Count 2 on February 24, 2006, pursuant to a plea agreement in which the government agreed to drop Count 1. After determining a Sentencing Guidelines range of sixty-three to seventy-eight months, this Court, on June 8, 2006, sentenced Movant to the statutory maximum of sixty months of

incarceration and three years of supervised release.  (*United States v. Zendezas*, File No. 1:05-CR-245, Dkt. No. 32 (W.D. Mich. June 8, 2006).)  Movant's conviction and sentence were affirmed on appeal.  *United States v. Zendezas*, No. 06-1865 (6th Cir. filed May 23, 2008).  Movant requested and was denied a hearing en banc on September 18, 2008.  (Dkt. No. 5, Attach. 2.)  Prior to the denial of a hearing en banc, Movant filed her § 2255 motion on June 30, 2008.

## II.

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'"  *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).  Non-constitutional errors are generally outside the scope of § 2255 relief.  *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).  A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'"  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either:  (1) "cause" and

"actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

### III.

Movant seeks relief based on five distinct claims: (1) counsel was ineffective for failing to explain the pre-sentence report ("PSR"); (2) counsel was ineffective for failing to request a two-level reduction of Movant's Sentencing Guidelines range for minor participation; (3) counsel was ineffective for failing to present mitigating circumstances; (4) counsel was ineffective for coercing Movant into signing the plea agreement without explaining its consequences; and (5) the sentencing court committed error by not adequately considering the factors in 18 U.S.C. § 3553(a). (Dkt. No. 1.)

#### A. Ineffective Assistance of Counsel Claims

To make out a claim of ineffective assistance of counsel, Movant must show that

counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced Movant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). No evidentiary hearing is required if the Movant's allegations "cannot be accepted as true because they are contradicted by the record . . . ." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). All of Movant's ineffective assistance of counsel claims are contradicted by the record. Thus, the Court finds that no evidentiary hearing is necessary.

Movant's first claim is that counsel failed to explain the PSR. However, at the sentencing hearing, Movant asserted under oath that counsel had reviewed the PSR with her and that she was satisfied with his representation:

> THE COURT: Ms. Zendezas, have you had a chance to review this presentence report that was filed in this matter with your lawyer?
>
> DEFENDANT ZENDEZAS: Yes, he read it to me.
>
> THE COURT: Are you satisfied with the representations of Mr. Mirque in this matter?
>
> DEFENDANT ZENDEZAS: Yes.
>
> THE COURT: You're satisfied with his being your lawyer?
>
> DEFENDANT ZENDEZAS: Yes.

(File No. 1:08-CV-625, Dkt. No. 38, at 5.) Thus, the Court finds counsel effective with regard to explaining the PSR.

4

Movant's next claim is that counsel was ineffective for failing to argue for a two-level reduction for minor participation. This claim is also without merit. Movant did receive a two-level reduction for being a minor participant pursuant to U.S.S.G. § 3B1.2(b). (PSR ¶ 32.) Furthermore, Movant received an additional three-level reduction for being a minor participant pursuant to U.S.S.G. § 2D1.1(a)(3). (*Id.* at 29.)

Movant's third claim that counsel failed to present mitigating circumstances is also unsupported by the record. Counsel convinced the Probation Officer to recommend a five-level reduction in the Sentencing Guidelines for Movant's minor role. (*Id.* at 29, 32.) Counsel further secured an additional three-level reduction for Movant's acceptance of responsibility and timely guilty plea. (*Id.* at 35-36.) Lastly, counsel convinced the government to move for another two-level reduction on account of Movant's substantial assistance. (File No. 1:08-CV-625, Dkt. No. 31, § 5K1.1 Mot.) Counsel's efforts resulted in the Court reducing Movant's Sentencing Guidelines level from 34 to 24. Moreover, counsel reminded the Court at sentencing that Movant substantially assisted the government and that her mother was in poor health. (File No. 1:08-CV-625, Dkt. No. 38, Sent. Tr. 6.) Thus, the Court finds counsel effective with regard to presenting mitigating factors.

Movant's last claim regards whether or not Movant entered into the plea agreement voluntarily and knowingly. Movant argues that the plea agreement was not entered into knowingly because counsel failed to explain the consequences of a guilty plea and the rights she was giving up. (Dkt. No. 1, Attach. 1, at 12-15.) Her assertion that counsel failed to go over the plea agreement is directly contradicted by the record:

5

THE COURT: Is this your signature here on this last line?

DEFENDANT ZENDEZAS: Yes.

THE COURT: Do you have a copy of it?

DEFENDANT ZENDEZAS: Yes.

THE COURT: And above your signature it says that you've carefully discussed this plea agreement with your attorney and that you agree with this plea agreement and you agree to be bound by this agreement; is that correct?

DEFENDANT ZENDEZAS: Yes.

(File No. 1:08-CV-625, Dkt. No. 41, Plea Tr. 3.) The record also contradicts Movant's assertion that she was unaware of the rights she was surrendering. The Court individually stated each right Movant was surrendering, and Movant stated under oath that she understood each one. (*Id.* at 6-7.) Thus, the Court is satisfied that Movant entered into the plea agreement knowingly.

Movant additionally argues that she did not enter into the plea agreement voluntarily because she was "coerced into the agreement and because defense counsel fabricated petitioener's [sic] possible sentencing exposure." (Dkt. No. 1, Attach. 1, at 15.) Once again, this argument is directly contradicted by the record:

THE COURT: Has anyone threatened you or forced you to plead guilty today?

DEFENDANT ZENDEZAS: Today?

THE COURT: Yes.

DEFENDANT ZENDEZAS: No.

THE COURT: Has anyone made any promise of leniency or told you they

6

> know what the sentence of this Court would be if your plea of guilty were accepted?
>
> DEFENDANT ZENDEZAS: No.
>
> THE COURT: Are you pleading guilty here then freely and voluntarily yourself?
>
> DEFENDANT ZENDEZAS: Yes.

(File No. 1:08-CV-625, Dkt. No. 41, at 8-9.) Furthermore, Movant stated under oath that she was satisfied with her counsel's representation:

> THE COURT: Okay. Have you had what we call an adequate time or enough time to discuss this case with your lawyer, Mr. Mirque?
>
> DEFENDANT ZENDEZAS: Yes, sir. Today, yes.
>
> THE COURT: Are you satisfied with his representation of you?
>
> DEFENDANT ZENDEZAS: Yes.

(*Id.* at 4.) Thus, the Court is also satisfied that Movant entered into the plea agreement voluntarily. The Court finds that counsel was effective with regard to the plea agreement.

**B. Sentencing Factors Claim**

Movant's next claim is that the sentencing court committed error by not adequately considering the factors in 18 U.S.C. § 3553(a). It is "well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996)). Movant challenged the length of her sentence on appeal, claiming that the district court failed to adequately consider

the factors set forth in § 3553(a). The Court of Appeals rejected this argument:

> The arguments advanced by Zendezas on appeal do not convince us that the sentence imposed by the district court is procedurally or substantively unreasonable. The sentence is the statutory maximum, which became the Guidelines sentence. USSG § 5G1.1(a). Additionally, the record reveals that the district court, in making its sentencing determination, considered and discussed many of the § 3553(a) factors.

*United States v. Zendezas*, No. 06-1865 (6th Cir. filed May 23, 2008). Movant has failed to identify any "highly exceptional circumstances" to warrant a relitigation of this issue. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Thus, the Court finds Movant's claim regarding her sentence to be barred.

Even if the Court did not find Movant's claim barred, it finds the claim to be outside the scope of relief permitted by a § 2255 motion. Non-constitutional errors, including alleged errors in the application of the Sentencing Guidelines, are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims debatable or wrong. Accordingly, a certificate of appealability will also be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: June 21, 2010                        /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE